IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHEN P. KELLY,
  Plaintiff,

vs.             Case No:  3:14cv677/RV/EMT

BETTY ELY,
  Defendant.
_____/

**REPORT AND RECOMMENDATION**

  Plaintiff Stephen P. Kelly ("Kelly"), a non-prisoner proceeding pro se and in forma pauperis, commenced this action on December 15, 2014, by filing a civil complaint under 28 U.S.C. § 1332 (doc. 1).  This matter is now before the court on his amended complaint (doc. 18).

  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration, the undersigned concludes that this case should be dismissed for lack of subject matter jurisdiction.

I.  BACKGROUND

  Kelly names Betty Ely ("Ely") as the sole Defendant in this action.  Kelly states he is a resident of the State of Montana, and Ely is a resident of Florida (doc. 18 at 2).  Kelly alleges he is the only living child of his late father, Sebron Kelly, who died on August 8, 2014 (*id.*).  He alleges his mother, Vera Kelly, predeceased his father in March of 2013 (*id.* at 12).  Plaintiff Kelly alleges that one month prior to his mother's death, his parents executed wills naming each other as the personal representative and sole beneficiary of their estates, and naming Ely (Sebron Kelly's sister and Plaintiff Kelly's aunt) as the personal representative and beneficiary if the testator's spouse predeceased the testator (*id.* at 24–27).  Kelly alleges his parents' estate included two parcels of real property (one located in Santa Rosa County and the other in Escambia County) and other assets (*id.*

at 7, 9).  He alleges his parents' former wills provided that he would be the sole heir and beneficiary of the surviving parent's estate (*id.* at 2, 5–6).  Kelly alleges his parents were incompetent when they executed the wills in February of 2013, and he alleges Ely unduly influenced them to name her as personal representative and sole beneficiary (*id.* at 2–14).  He alleges Ely sold the Santa Rosa County property on October 24, 2014, for the amount of $95,000.00 (*id.* at 7, 10).

Kelly brings this action to challenge the validity of the 2013 wills.  He seeks to "knock out" or "overturn" the 2013 wills and "reinstate" his parents' former wills (doc. 18 at 4, 10).  More specifically, as relief Kelly seeks a judgment declaring that (1) his late father's "current and pending" will, and Ely's status as personal representative of the estate, are invalid and the result of pressure, aggravation, intimidation, and force; (2) he (Kelly) has standing to challenge the will; (3) his mother was incompetent at the time she executed the 2013 will; and (4) his mother was "clear-minded" when she executed her former will, which allegedly named him as sole beneficiary (*id.* at 14–15).  Kelly also seeks an injunction enjoining Ely from selling the Escambia County property (3555 Wimbledon Drive), and granting him exclusive "access" to the property (*id.* at 15–16).  Kelly states that in the event he prevails in this will challenge, he will then request that Ely pay back the proceeds from the sale of the Santa Rosa County property (*id.* at 10).

Plaintiff Kelly attached to his Amended Complaint the first two pages of his late mother's and father's 2013 wills, which are the wills he seeks to challenge (doc. 18 at 24–27).  The court notes that the late Mrs. Kelly's will bears a state probate case number 2014-CP-1093, and the late Mr. Kelly's will bears a state probate case number 2014-CP-1104 (*id.*).  The court takes judicial notice of information available on the database maintained by the Clerk of the Circuit Court in and for Escambia County, Florida, last viewed February 26, 2015, http://www.escambiaclerk.com/, which indicates that on August 26, 2014, Vera Kelly's (Plaintiff Kelly's late mother) will was filed in the Circuit Court in and for Escambia County, Florida, Case No. 2014-CP-001093, and the case was closed.[1]  The online public docket additionally indicates that on August 28, 2014, prior to

---

[1] *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and

Case No.:  3:14cv677/RV/EMT

Plaintiff Kelly's commencing this federal action, Defendant Ely filed a petition for administration of the estate of Sebron Kelly (Plaintiff's late father) in the Circuit Court in and for Escambia County, Florida, Case No. 2014-CP-001104.  The online public docket further indicates that on September 2, 2014, the state court rendered an order admitting the will of Sebron Kelly and appointing Ely as personal representative.  Ely filed an inventory and a notice to creditors.  One creditor filed a claim on September 29, 2014, and that claim was satisfied on February 3, 2015.  Ely filed a petition to determine homestead property on December 22, 2014, and the probate court issued an order determining homestead property on January 27, 2015.  The order was recorded in the public records at Book 7290 and Page 1625 on January 27, 2015.  The property subject to that order is the 3555 Wimbledon Dr. property in Escambia County (legal description Summit Park Unit 3 Lot 31 Block G).  The state probate case is still in progress.  Kelly is obviously aware of the state probate case, as evidenced by the fact that the online docket reflects that he filed documents in the case on October 20 and 21, 2014.

II.     JURISDICTIONAL ANALYSIS

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).  A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. Bochese, 405 F.3d at 975 (quoting Univ. of S. Ala., 168 F.3d at 410); Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co., 607 F.3d 1268, 1273 (11th Cir. 2010).  A district court may address its lack of subject matter jurisdiction in two ways:  the court may find insufficient allegations in the pleadings, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the

---

opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

evidence in determining whether the facts support the jurisdictional allegations.  Lovern, 190 F.3d at 653 (citations omitted).  The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists.  *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

Here, Kelly invokes this court's diversity jurisdiction under 28 U.S.C. § 1332.  However, there exists a probate exception to federal diversity jurisdiction.  In Markham v. Allen, the Supreme Court held:

> while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, . . . it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.

326 U.S. 490, 494, 66 S. Ct. 296, 90 L. Ed 256 (1946) (emphasis added).  Unfortunately, this explication did little to guide federal courts as to when a potential final judgment's "interfere[nce] with the state court's possession" of property would render the federal court without jurisdiction. *Id.*

Years later, the Supreme Court clarified what constitutes interference "with the state court's possession," as follows:

> [W]e comprehend the "interference" language in Markham as essentially a reiteration of the general principle that, when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res.  Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.  But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

Marshall v. Marshall, 547 U.S. 293, 311–12, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006) (citations omitted).  It is clear after Marshall that unless a federal court is endeavoring to (1) probate or annul a will, (2) administer (or invalidate the administration of) an estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court, the probate exception does not apply.  *See* Three Keys Ltd. v. SR Util. Holding Co., 540 F.3d 220, 227 (3d Cir. 2008); Lefkowitz v. Bank of N.Y., 528 F.3d 102, 107 (2d Cir. 2007) (under the probate exception to diversity jurisdiction a

federal court may neither dispose of property that is in the custody of a state probate court, nor take over the administration of estate assets pending in probate courts); *see also, e.g.,* Kaplan v. Kaplan, 524 F. App'x 547, 548 (11th Cir. 2013) (unpublished) (noting that Marshall held that a federal court is obliged to exercise its jurisdiction to consider matters that do not annul a will, invalidate the administration of an estate, or interfere with property in the custody of the probate court).

In the instant case, Kelly seeks a judgment declaring that (1) his late father's "current and pending" will, and Ely's status as personal representative of the estate, are invalid and the result of pressure, aggravation, intimidation, and force; (2) he (Kelly) has standing to challenge the will; (3) his mother was incompetent at the time she executed the 2013 will; and (4) his mother was "clear-minded" when she executed her former will, which allegedly named him as sole beneficiary, (*id.* at 14–15). Kelly also seeks an injunction enjoining Ely from selling the Escambia County property (3555 Wimbledon Drive), and granting him exclusive "access" to the property (*id.* at 15–16).[2] Additionally, as previously noted, Kelly states that in the event he prevails in his challenge to the will, he will then request that Ely pay back the proceeds from the sale of the Santa Rosa County property (*id.* at 10).

Under the probate exception to diversity jurisdiction, this court lacks jurisdiction to grant Kelly the relief he seeks. Therefore, dismissal of the instant action is warranted. *See* Three Keys Ltd., 540 F.3d at 229–30 (probate exception to diversity jurisdiction barred claims that (1) sought federal court determination of plaintiff's ownership interest in estate property, (2) alleged defendants were preventing plaintiff from accessing its interest in estate property, (3) asserted that defendants prevented plaintiff from enjoying its interest in estate property, and (4) alleged that defendants conspired to deprive plaintiff of its interest in estate property, because those claims required the federal court to determine the parties' interests in probate property and to distribute the property); Lefkowitz, 528 F.3d at 107–08 (probate exception barred beneficiary's claims in federal court, against executor of both of her parents' estates and the law firm representing those estates, for conversion, unjust enrichment, specific performance, and declaratory relief confirming beneficiary's

---

[2] Kelly filed a Notice of Lis Pendens in the instant case, and a motion for preliminary injunction to prevent Ely from selling real property that is part of the estate (*see* docs. 10, 11, 12).

Case No.: 3:14cv677/RV/EMT

entitlement to assets or distributions from either estate, because those claims sought disgorgement of funds that remained under control of state probate court; however, probate exception did not bar beneficiary's claims for damages from defendants personally for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent misrepresentation, and fraudulent concealment); Wisecarver v. Moore, 489 F.3d 747, 750–51 (6th Cir. 2007) (probate exception applied to claims seeking federal court order enjoining defendants from disposing of assets received from probated estate, divesting defendants of property of estate and ordering it turned over to plaintiffs, and declaring that probated will was invalid and that defendants should be denied any benefits of the will; however, probate exception did not apply to claims for monetary judgment against defendants for damages for removal of assets from decedent's estate during decedent's lifetime); Jones v. Brennan, 465 F.3d 304, 307–08 (7th Cir. 2006) (probate exception applied to plaintiff's claim complaining about maladministration of her father's estate, brought while probate proceedings were in progress; however exception did not apply to claim seeking to impose tort liability on guardians of estate for breach of fiduciary duty); *see also, e.g.,* Beasley v. Coleman, 560 F. App'x 578, 580 (7th Cir. 2014) (unpublished) (probate exception applied to plaintiff's claim against his former attorney in state probate case and the probate judge for conspiracy, malpractice, and breach of fiduciary duty, because the claim against the attorney essentially challenged how the state probate court was administering the estate, and to adjudicate that claim while those proceedings continued would be tantamount to asking the federal court to take over the administration of the estate). *Cf.* Gustafson v. zumBrunnen, 546 F.3d 398, 400 (7th Cir. 2008) (beneficiary's lawsuit, on behalf of decedent's estate, claiming that lawyer representing a claimant in the state probate case tortiously interfered with beneficiary's expectancy of an inheritance, and seeking punitive and compensatory damages for alleged interference (*i.e.,* $50,000.00 that claimant removed from financial account allegedly upon lawyer's advice) was not within probate exception to federal jurisdiction, since federal judgment would only add assets to the estate, not reallocate assets of the estate among contending claimants or otherwise interfere with probate court's control over and administration of estate); Kaplan, 524 F. App'x at 548 (probate exception did not apply to plaintiff's in personam claims against personal representative of estate for allegedly breaching his fiduciary duties as personal representative; however, district court properly stayed federal action in deference to

Case No.: 3:14cv677/RV/EMT

ongoing probate of estate in state court); Leskinen v. Halsey, 571 F. App'x 36 (2d Cir. 2014) (unpublished) (probate exception was inapplicable in federal action brought by decedent's granddaughter under federal racketeering statute and state law, seeking monetary damages against her relatives and other participants in the sale of real property once owned by grandmother, because even though the relief sought might be at odds with the concluded state probate proceedings, the granddaughter's claims did not themselves ask district court to administer an estate, probate a will, or perform another purely probate matter, nor seek to reach a res in the custody of a state court); Gherini v. Lagomarsin, 258 F. App'x 81, 83 (9th Cir. 2007) (unpublished) (probate exception did not apply to deprive district court of subject matter jurisdiction over complaint asserting tort claims and claims for alleged violations of Racketeer Influenced and Corrupt Organizations Act (RICO), given that complaint sought in personam damages against defendants themselves, and did not seek to administer an estate, probate a will, or otherwise assume in rem jurisdiction over property in custody of state probate court); Young v. Bishop Estate, 497 F. App'x 735, 737 (9th Cir. 2012) (unpublished) (probate exception did not deprive district court of jurisdiction over plaintiff's negligence claim, where plaintiff's claim sought in personam judgment, not probate or annulment of will).

III.  CONCLUSION

Kelly asks to this court to annul a will that is the subject of an ongoing state probate proceeding, invalidate the state court's order appointing Ely as personal representative, determine Kelly's interest in the property of the estate, enter orders affecting possession of that property, and essentially take over administration of the estate.  Under the probate exception to diversity jurisdiction, the district court lacks jurisdiction to grant Kelly the relief he seeks.  Therefore, dismissal of this action is warranted.

Accordingly, it is respectfully **RECOMMENDED** that:

1. This cause be **DISMISSED** for lack of subject matter jurisdiction.
2. All pending motions be **DENIED** as moot.
3. The clerk enter judgment accordingly and close the file.

At Pensacola, Florida, this 27<u>th</u> day of February 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).